J. B. DONOHO AND ANOTHER v. H. J. HARRIS AND OTHERS.

1. The liability of sureties on a refunding bond, executed on the dissolution of an injunction, is dependent, first, upon the amount of money collected upon the judgment which had been enjoined ; and second, upon the perpetuation of the injunction on the final hearing of the cause. (Paschal's Digest, Article 3937.)

2. Sureties on a refunding bond executed under Article 3937, Paschal's Digest, cannot be treated as special bail for their principal, nor be made otherwise liable for him than as provided in said article.

ERROR from Titus. Tried below before the Hon. James L. Gray.

The facts are stated in the opinion as satisfactorily as they can be in a reasonable compass.

*W. M. Walton*, for the plaintiffs in error.

No brief for the defendants in error.

WALKER, J.—William Crittenden obtained a judgment in the court below against the defendants in error; they obtained an injunction restraining the collection of the judgment.

Crittenden answered, denying the equities of the bill, and moved to dissolve the injunction. The court sustained the motion, but retained the case for further judicial investigation. The judgment of the court permitted Crittenden to enforce his judgment by execution, on giving bond to the plaintiffs with security, conditioned according to law (acting, we suppose, under Article 3937, Paschal's Digest), and the condition of such a bond required the defendant to refund to the complainant whatever sum of money, interest, and costs, the defendant might collect in the preceding suit, should the injunction be perpetuated on final hearing. This is what might be properly called a refunding bond, and the responsibility of the securities must depend,

1. Upon the amount of money collected upon the judgment enjoined; and

2. That the injunction shall be perpetuated on the final hearing.

No effort appears to have been made to collect the judgment enjoined, nor was there any money collected upon it.

The real issue before the court was, whether or not the injunction had been properly sued out. But the court seems to have regarded the refunding bond in the light of special bail, liable to the defendants in error for whatever they might recover, in their action against Crittenden. This was certainly a very erroneous

view of the law.   The plaintiffs in error were liable to the defendants for nothing more than Crittenden might have collected against them.

The judgment of the district court is reversed, and the cause dismissed as to plaintiffs in error.

Reversed and dismissed